**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS PEREIRA-HERNANDEZ, | Nos. 10-72881 |
| Petitioner, | 11-72916 |
| | Agency No. A070-947-061 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Carlos Pereira-Hernandez, a

native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

decision denying Pereira-Hernandez's applications for asylum and withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal (No. 10-72881), and of the BIA's subsequent order denying Pereira-Hernandez's motion to reopen (No. 11-72916). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1055-56 (9th Cir. 2006), and review for abuse of discretion the BIA's denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

Substantial evidence supports the agency's finding that the anonymous threats Pereira-Hernandez received in Guatemala did not amount to past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted). We lack jurisdiction to consider Pereira-Hernandez's contention that he suffered past persecution when armed men threatened him, because he did not raise this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Substantial evidence also supports the agency's determination that Pereira-Hernandez failed to establish a well-founded fear of persecution on account of a protected ground. *See Molina-Estrada*, 293

F.3d at 1095-96 (petitioner failed to demonstrate a reasonable fear of future persecution). Accordingly, Pereira-Hernandez's asylum claim fails.

Because Pereira-Hernandez failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the BIA did not abuse its discretion in denying Pereira-Hernandez's motion to reopen based on ineffective assistance of counsel, where he did not establish that counsel's failure to secure translated copies of news articles may have affected the outcome. *See Mohammed*, 400 F.3d at 793-94 (a petitioner must establish prejudice to prevail on an ineffective assistance claim). We lack jurisdiction to address Pereira-Hernandez's contentions that counsel was ineffective for failing to elicit certain testimony and failing to discuss the Country Report, because he failed to raise these arguments to the BIA. *See Barron*, 358 F.3d at 678.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**